1

2

3

4                          **UNITED STATES DISTRICT COURT**

5                                **DISTRICT OF NEVADA**

6

7   MICAH K. WELLMAN,                    )          3:14-cv-00348-MMD-WGC
                                         )
8            Plaintiff,                   )               **ORDER**
                                         )
9        vs.                             )            **re: Doc. # 7**
                                         )
10  DEPARTMENT OF JUSTICE, BUREAU OF )
    ALCOHOL, TOBACCO, FIREARMS AND        )
11  EXPLOSIVES,                          )
                                         )
12           Defendant.                   )
                                         )
    _____ )

13

14          Before the court is Plaintiff's Motion for Entry of Default Final Judgment. (Doc. # 7).[1]  Plaintiff

15   states defendant Bureau of Alcohol, Tobacco, Firearm and Explosives was served with the complaint

16   on July 15, 2014, and that "more than thirty days have passed and the defendant has failed to plead or

17   otherwise defend this action, and the plaintiff is entitled to judgment by default against the defendant."\

18          Plaintiff actually has two arguments about his request for entry of a default judgment.  One is that

19   an extended period of time has passed subsequent to Plaintiff making a FOIA request to the Defendant

20   (id., at 4-5).  Secondly, Plaintiff states more than thirty (30) day has passed since he effected service of

21   the complaint.  A return on a summons was previously filed with the court reflecting service on the

22   Defendant on or about July 15, 2014. (Doc. # 6).

23          Plaintiff is confusing the alleged obligation of the Defendant to respond to a FOIA request versus

24   the obligation of the government to appear and defend in this action.  In that regard, as was reflected in

25   the summons issued in this matter to the Defendant (Doc. # 2), the United States or one of its agencies

26   has sixty (60) days to respond to the complaint.   Therefore, Plaintiff's motion is premature.  An entry

27   of a default - which is a precondition to the entry of a default judgment (*Devlin v Kalm*, 493 Fed. Appx.

28

        _____

             [1] Refers to court's docket number.

678, 685-86 (6th Cir. 2012) - is only appropriate if a party fails to plead or to otherwise defend the action.   Inasmuch as the time for the government to respond has not yet expired, it would be inappropriate to enter a default.   As noted above, absent a default, no default judgment may be entered.

Plaintiff's motion (Doc. # 7) is therefore **DENIED.**

IT IS SO ORDERED.

DATED:  August 25, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE