UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| MICAH K. WELLMAN, | ) | 3:14-cv-00348-MMD-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | **re: Doc. # 9** |
| DEPARTMENT OF JUSTICE, BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, | ) | |
| Defendants. | ) | |

Before the court is Plaintiff's Motion for Reconsideration of Motion for Entry of Default Final Judgment. (Doc. # 9.)[1]

Plaintiff suggests that the court erred in its order denying Plaintiff's motion for entry of a default judgment. The court stated that the Plaintiff's motion was premature because an agency of the federal government has sixty (60) days to respond to a civil complaint. (Doc. # 8.)

Plaintiff's motion for reconsideration references 5 USC § 552(a)(4)(c) which states:

> Notwithstanding any other provision of the law, the defendant shall serve an answer or otherwise plead to any complaint made under this subsection within thirty days after service upon the defendant of the pleading in which such complaint is made, unless the court otherwise directs for good cause shown.

Plaintiff is correct that this section, absent good cause otherwise, trumps Fed. R. Civ. P. 12(a)(2) which affords the federal government or its agencies sixty days to respond to a complaint. However, the thirty day deadline of 5 USC § 552(a)(4)(c) also provides that time schedule may be altered "for good cause."

The court finds there is good cause to impose a sixty day deadline for a response by the Defendant. First, the summons which Plaintiff submitted for issuance by the clerk advised Defendant

---

[1] Refers to court's docket number.

1  Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) it had 60 days to
2  respond to the complaint. (Doc. #2 at 1.) Second, when the return on Plaintiff's summons on ATF was
3  filed, the court's Notice of Electronic Filing reflected the summons was served on "7/15/14, answer due
4  9/13/14 (JC)."

5  Thus, it would seem inappropriate for the court to now impose a 30 day deadline on the
6  Defendant. Under the language of 5 USC § 552(a)(4)(c), the court finds good cause to proceed with a
7  60 day deadline.

8  However, even if a 30 day deadline were to be imposed, as was explained in this court's order
9  (Doc. # 9), a request for entry of a *default judgment* must be preceded by the entry of a *default* (*id.*, citing
10 *Devlin v. Kalm*, 493 Fed. Appx. 678, 685-86 (6th Cir. 2012)). As was also noted therein, because the
11 time stated on Plaintiff's summons for Defendant to respond to Plaintiff's complaint has not expired, it
12 would be premature to enter a default.

13 Plaintiff's motion for reconsideration (Doc. # 9) is **DENIED.**

14 IT IS SO ORDERED.

15 DATED:  September 2, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

2