UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICAH K. WELLMAN,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>DEPARTMENT OF JUSTICE, BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES,<br><br>　　　　　　　　　　Defendant. | Case No. 3:14-cv-00348-MMD-WGC<br><br>ORDER<br><br>(Def.'s Motion to Dismiss – dkt. no. 11) |

## I.　SUMMARY

Before the Court is a Motion to Dismiss filed by Defendant Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("Motion"). (Dkt. no. 11.) The Court has reviewed Plaintiff Micah K. Wellman's response, and Defendant's reply. (Dkt. nos. 14, 15.) For the reasons stated below, the Motion is granted in part and denied in part.

## II.　BACKGROUND

Proceeding *pro se*, Micah K. Wellman seeks the production of agency records and emails concerning an Internal Affairs investigation that Defendant conducted. He alleges that on May 14, 2013, he filed a Freedom of Information Act ("FOIA") request to obtain information regarding the investigation. He subsequently received an acknowledgment letter from Defendant's Disclosure Division dated June 13, 2013, indicating that the request was assigned ATF FOIA number 13-1026 ("FOIA 13-1026").

Defendant's letter did not, however, mention whether Defendant would need more than the normal 20-day processing period as provided by statute to comply with the request. 5 U.S.C. § 552(a)(6)(A)-(B). Despite subsequent attempts to check on the status of his request, Plaintiff had not received any responsive records from Defendant regarding FOIA 13-1026 as of July 3, 2014, the date he filed the Complaint.

Plaintiff sued, alleging that the pertinent documents are being improperly withheld under FOIA and the Administrative Procedure Act ("APA"). Plaintiff asks this Court to order Defendant to provide access to the requested documents. (Dkt. no. 1 at 4.) Defendant now moves to dismiss the Complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that Plaintiff lacks standing to bring his APA claim because FOIA provides an adequate remedy for Plaintiff.[1] (Dkt. no. 11.)

### III. LEGAL STANDARD

Rule 12(b)(1) allows defendants to seek dismissal of a claim or action for a lack of subject matter jurisdiction. Dismissal under Rule 12(b)(1) "is appropriate if the complaint, considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction." *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984-85 (9th Cir. 2008). Although the defendant is the moving party in a motion to dismiss brought under Rule 12(b)(1), the plaintiff is the party invoking the Court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court. *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Where, as here, a plaintiff proceeds *pro se*, courts must liberally construe the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

---

[1] Defendant initially sought dismissal under Rules 12(b)(2), (5), and (6). Defendant argued that this Court lacks personal jurisdiction over Defendant because Plaintiff failed to perfect service of process. (Dkt. no. 11 at 2.) However, Defendant now concedes that Plaintiff has perfected service of process on Defendant. (Dkt. no. 15 at 4; *see* dkt. no. 13.) Defendant also alleged that Plaintiff "fail[ed] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). However, Defendant did not discuss this allegation in the Motion or in its reply brief, and the Court will not address it here.

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Thus, federal subject matter jurisdiction must exist at the time an action is commenced. *Mallard Auto. Grp., Ltd. v. United States*, 343 F. Supp. 2d 949, 952 (D. Nev. 2004).

**IV.   DISCUSSION**

The APA allows for suits to be filed by "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702. But "federal courts lack jurisdiction over APA challenges whenever Congress has provided another 'adequate remedy.'" *Brem-Air Disposal v. Cohen*, 156 F.3d 1002, 1004 (9th Cir. 1998) (quoting 5 U.S.C. § 704).

Here, Plaintiff brings his complaint under FOIA and the APA. Plaintiff's FOIA and APA claims both arise from the same factual basis: Plaintiff alleges that Defendant has failed to provide him with the requested documents in violation of FOIA. (Dkt. no. 1 at 1-2.) Plaintiff also seeks the same relief under both statutes: "to order the production of all agency records and emails concerning" FOIA 13-1026. (Dkt. no. 1 at 1-2.) Plaintiff, however, has not presented evidence suggesting that FOIA will fail to provide him with an adequate remedy. Absent such evidence, the Court lacks jurisdiction to hear Plaintiff's APA claim.

Plaintiff argues that his APA claim should not be dismissed because it does not arise from a facial violation of the FOIA statute, but rather from Defendant's failure to comply with 28 C.F.R. § 16.4 and 28 C.F.R. § 16.5. (Dkt. no. 14 at 7.) This argument, however, is misplaced because the Complaint contained no allegations based on 28 C.F.R. § 16.4 and § 16.5; neither regulations were even cited in the Complaint. (*See* dkt. no. 1.) Instead, as alleged, the APA claim is premised upon the same facts and seeks the same relief as Plaintiff's FOIA claim.

///

The cases cited by Plaintiff are also unavailing to his opposition to the Motion. In *Snyder v. Central Intelligence Agency*, 230 F. Supp. 2d. 17, 24 (D.D.C. 2002), the plaintiff sought the production of documents under FOIA and APA. But unlike here, the plaintiff in *Snyder* asserted additional claims under the APA. *Id.* Plaintiff also cites *Oregon Natural Desert Association v. Locke*, 572 F.3d 610, 618 (9th Cir. 2009) for the proposition that "the Government argued that a challenge to agency regulations concerning processing of FOIA requests must be brought under the APA rather than the FOIA." (Dkt. no. 14 at 7.) However, the Ninth Circuit issued no ruling on that subject, but instead held that "the APA prescribes standards for judicial review of an agency action only when jurisdiction is otherwise established." *Id.* It is well established that courts lack jurisdiction over APA claims if a plaintiff enjoys an adequate remedy under a different statute. *See Brem-Air Disposal*, 156 F.3d at 1004; *Coos Cnty. Bd. of Cnty. Comm'rs v. Kempthorne*, 531 F.3d 792, 802 (9th Cir. 2008).

Plaintiff has failed to demonstrate that he cannot compel the production of the requested documents through his FOIA claim alone. Thus, Plaintiff has not established that this Court has jurisdiction to hear his APA claim.

Finally, although Plaintiff did not request leave to amend, the Court should "freely give leave to amend when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy of favoring amendments under Rule 15(a) "is applied even more liberally to pro se litigants" than to parties represented by counsel. *Eldridge v. Block,* 832 F.2d 1132, 1135 (9th Cir.1987). In light of Plaintiff's *pro se* status and the nascent stage of this case, the Court finds that leave to amend is appropriate. If Plaintiff chooses to file an amended complaint he is advised that an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to

reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegation that Plaintiff wishes to pursue in this lawsuit.

**V.    CONCLUSION**

It is hereby ordered that Defendant's Motion to Dismiss (dkt. no. 11) is granted in part and denied in part. Defendant's Motion to Dismiss for failure to perfect service of process is denied as moot. Plaintiff's APA claim is dismissed with leave to amend.

It is further ordered that if Plaintiff chooses to amend the Complaint to address the jurisdictional problem with his APA claim, Plaintiff must file an amended complaint within fifteen (15) days of the date of this Order; otherwise, this action shall proceed on the remaining FOIA claim in the original complaint.

ENTERED THIS 13th day of August 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE