UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MICAH K. WELLMAN,<br><br>   Plaintiff,<br>   v.<br><br>DEPARTMENT OF JUSTICE, BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES,<br><br>   Defendant. | Case No. 3:14-cv-00348-MMD-WGC<br><br>ORDER<br><br>(Def.'s Motion to Dismiss – ECF No. 20) |

## I.   SUMMARY

Before the Court is a second Motion to Dismiss filed by Defendant Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("Motion"). (ECF No. 20.) The Court has reviewed Plaintiff Micah K. Wellman's response and Defendant's reply. (ECF Nos. 22, 23.) For the reasons stated below, the Motion is granted with leave to amend the APA claim to assert factual allegations that address the stated remedy under 5 U.S.C. § 552(a)(F)(i).

## II.   BACKGROUND

Proceeding *pro se*, Micah K. Wellman initially filed suit on July 3, 2014, seeking the production of agency records and emails concerning an Internal Affairs investigation that Defendant had conducted. Defendant filed its first Motion to Dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that Plaintiff lacked standing to bring an APA claim because the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552,

provided an adequate remedy for Plaintiff's grievance. (ECF No. 11.) This Court granted Defendant's Motion without prejudice, permitting Plaintiff to file an amended complaint addressing the jurisdictional problem of the APA claim. (ECF No. 17.) Plaintiff subsequently filed an Amended Complaint on August 26, 2015. (ECF No. 18.) In the Amended Complaint, Plaintiff alleges that on May 14, 2013, he filed a FOIA request to obtain information regarding Defendant's Internal Affairs investigation. Plaintiff subsequently received an acknowledgment letter from Defendant's Disclosure Division dated June 13, 2013, indicating that the request was assigned ATF FOIA number 13-1026 ("FOIA 13-1026"). Defendant's letter did not, however, mention whether Defendant would need more than the normal 20-day processing period as provided by statute to comply with the request. *See* 5 U.S.C. § 552(a)(6)(A)-(B). Despite attempts to check on the status of his request, Plaintiff had not received any responsive records from Defendant regarding FOIA 13-1026 as of July 3, 2014, the date he filed the initial Complaint.

Subsequent to the filing of the original Complaint (ECF No. 1), Defendant provided two releases of records to Plaintiff. (ECF No. 18 at 3.) The first occurred on or about October 17, 2014, and the second occurred on or about April 7, 2015. (*Id.*) According to Plaintiff, neither release was accompanied by a statement from Defendant that the released documents encompassed the final response to Plaintiff's initial FOIA request of May 14, 2013.

Defendant now moves to dismiss the APA claim in the Amended Complaint under Rule 12(b)(6), arguing that the APA claim lacks sufficient details to provide notice of the claim alleged. (ECF No. 20 at 1.)

**III.   LEGAL STANDARD**

A court may dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). In *Iqbal*, the Supreme Court clarified the two-step approach that district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to an assumption of truth. *Id.* at 678-79. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 663. Where the complaint fails to "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not shown — that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration omitted) (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

The Court also notes the well-established rule that *pro se* complaints are subject to "less stringent standards than formal pleadings drafted by lawyers" and should be "liberally construed." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The allegations in a *pro se* complaint require that a plaintiff give the defendant a fair notice of what the claim is and the factual grounds upon which it rests. *See id.* at 93. However, such liberal construction in the context of *pro se* complaints is still subject to the requirement that the specific facts in the complaint allege a legally cognizable claim for relief. *See Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1121 (9th Cir. 2008).

**IV.   DISCUSSION**

As an initial matter, Defendant's Motion to Dismiss (ECF No. 20) is timely. Defendant filed its second Motion to Dismiss at the same time it filed its Answer to the Amended Complaint: on September 24, 2015. The fact that the Motion to Dismiss'

Electronic Filing Number is 20 while the Answer to the Amended Complaint's Number is 19 is of no significance. Here, Plaintiff brings his complaint under FOIA and the APA. Plaintiff's FOIA and APA claims both arise from the same factual basis: Plaintiff alleges that Defendant failed to provide him with an initial "determination" in violation of FOIA and that Defendant's violation of the stated processing time under 28 C.F.R. §§ 16.4 and 16.5 amounted to an "arbitrary and capricious" abuse of discretion by Defendant. (ECF No. 18 at 3-4.) In his Amended Complaint, Plaintiff seeks relief under the APA, asking the Court to refer the alleged failure of Defendant to comply with the statutory processing time to the Office of Special Counsel.

Plaintiff mistakes the legal basis of this proposed remedy and the Court's role in determining whether Defendant acted arbitrarily and capriciously. The FOIA statute provides:

> Whenever the court orders the production of any agency records improperly withheld from the complainant and assesses against the United States reasonable attorney fees and other litigation costs, and the court additionally issues a written finding that the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding, the Special Counsel shall promptly initiate a proceeding to determine whether disciplinary action is warranted against the officer or employee who was primarily responsible for the withholding.

5 U.S.C. § 552(a)(F)(i). It is not the Court's role to find that Defendant acted arbitrarily and capriciously. Rather, the Court must simply find that "circumstances surrounding the withholdings *raise questions* about whether agency *personnel* acted arbitrarily and capriciously." *Id.* (emphasis added).

Based on the factual allegations in Plaintiff's Amended Complaint, Plaintiff asserts that the two releases of documents from Defendant came approximately 260 business days and 476 business days after Plaintiff's initial FOIA request. (ECF No. 18 at 3.) Furthermore, these releases came after Plaintiff brought suit against Defendant. Based on a prior ruling by this Court, *Bergeron v. Department of Justice-Bureau of Alcohol Tobacco, Firearms, and Explosives*, No. 3:13-cv-00625-MMD-WGC, 2016 WL 1229050 (Mar. 28, 2016 D. Nev.), Plaintiff may amend his complaint to specify the factual

4

allegations in his complaint that warrant this particular relief under 5 U.S.C. § 552(a)(F)(i).

## V.    CONCLUSION

It is hereby ordered that Defendant's Motion to Dismiss (ECF No. 20) is granted. Plaintiff's APA claim is dismissed with leave to amend to allege facts in conformity with the legal remedy identified at 5 U.S.C. § 552(a)(4)(F)(i).

It is further ordered that if Plaintiff chooses to amend the Complaint to address the problem with his APA claim, Plaintiff must file an amended complaint within fifteen (15) days of the date of this Order; otherwise, this action will proceed on the remaining FOIA claim in the original Complaint.

DATED THIS 7th day of September 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE