UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICAH K. WELLMAN,<br><br>    Plaintiff,<br>v.<br>DEPARTMENT OF JUSTICE, BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES,<br><br>    Defendant. | Case No. 3:14-cv-00348-MMD-WGC<br><br>ORDER<br><br>(Def.'s Motion to Strike Plf.'s Amended Complaint – ECF No. 26) |

## I. SUMMARY

Before the Court is Defendant Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives' Motion to Strike Plaintiff's Amended Complaint ("Motion"). (ECF No. 26.) The Court has reviewed the Motion, Plaintiff's response (ECF No. 28), and Defendant's reply[1] (ECF No. 35). For the reasons discussed below, Defendant's Motion is granted.

## II. RELEVANT BACKGROUND

*Pro se* Plaintiff Micah K. Wellman brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Administrative Procedures Act, 5 U.S.C. § 551 *et seq.*, seeking the production of agency records and emails concerning an Internal Affairs investigation that Defendant had conducted. Plaintiff initially filed his complaint on July 3, 2014. (ECF No. 1.) Defendant filed its first motion to dismiss (ECF No. 11) on September 15, 2014, which this Court granted in part and denied in part while

---

[1]The Court granted Defendant's amended request for an extension of time to file its reply (ECF No. 30) and denied Defendant's initial request (ECF No. 27) as moot. (ECF No. 32.)

giving Plaintiff an opportunity to amend the initial complaint (ECF No. 17). Plaintiff then filed his First Amended Complaint ("FAC") on August 26, 2015. (ECF No. 18.) Defendant moved for a second time to dismiss Plaintiff's FAC pursuant to Fed. R. Civ. P. 12(b)(6) but only as to his Administrative Procedures Act ("APA") claim.[2] (ECF No. 20.) The Court granted dismissal but gave leave for Plaintiff to amend his complaint to cure the deficiencies with respect to his APA claim. (ECF No. 24.)

Defendant now moves to strike Plaintiff's Second Amended Complaint ("SAC"), specifically the portion of the SAC that amends the FOIA claim.

## III. DISCUSSION

The Court's September 7, 2016, Order permitted Plaintiff to amend his complaint to specify the factual allegations that warrant relief under the APA pursuant to 5 U.S.C. § 552 (a)(F)(i). (ECF No. 24 at 4-5.) Specifically, the Court gave Plaintiff leave to amend the complaint to allege facts that would permit a finding that the "circumstances surrounding the withholding [of documents] raise questions whether agency personnel acted arbitrarily and capriciously." (*Id.* at 4 (quoting 5 U.S.C. § 552 (a)(F)(i)).) In the SAC, Plaintiff added this language (ECF No. 25 at 5) but also added an additional paragraph stating:

> The defendants recent release on October 19, 2016, withheld 28 pages in full siting [sic] FOIA exemptions (B)(5) and (B)(7)(c). Plaintiff challenges the broad use of these exceptions to withhold entire pages. This broad use of these exemptions to withhold entire documents is tantamount to withholding documents under FOIA.

(*Id.* at ¶15.)

Defendant argues that Plaintiff's unauthorized amendment of his FOIA claim makes the SAC a "rogue document that should be stricken." (ECF No. 26 at 3.) Under Fed. R. Civ. P. 12(f), a "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Matter is "immaterial" if it has no bearing on the controversy before the court. *In re 2TheMart.com, Inc Sec. Litig.,* 114 F. Supp. 2d 955,

---
[2]Defendant filed an Answer to respond to Plaintiff's Freedom of Information Act ("FOIA") claim. (ECF No. 19.)

965 (C.D. Cal. 2000). Allegations are "impertinent" if they are not responsive to the issues that arise in the action and that are admissible as evidence. *Id.* The Court agrees with Defendant that the allegations relating to Plaintiff's FOIA request is immaterial to the APA claim that the Court granted Plaintiff leave to amend. Plaintiff's unauthorized amendment of his FOIA claim amounts to an impertinent addition to the SAC, as the Court did not permit such amendment.

### IV. CONCLUSION

It is hereby ordered that Defendant's Motion to Strike (ECF No. 26) is granted. The Clerk is directed to strike the Second Amended Complaint (ECF No. 25). Plaintiff will have fifteen (15) days from issuance of this Order to file a third amended complaint to comply with this Order by removing paragraph 15 from the SAC. Failure to timely file an amended complaint will result in dismissal of the APA claim with prejudice.

DATED THIS 18th day of May 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE