UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MICAH K. WELLMAN,<br><br>Plaintiff,<br>v.<br><br>DEPARTMENT OF JUSTICE, BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES,<br><br>Defendant. | Case No. 3:14-cv-00348-MMD-WGC<br><br>ORDER |

**I.     SUMMARY**

Before the Court is Defendant's Motion to Reconsider Order Regarding Second Amended Complaint ("Motion to Reconsider") (ECF No. 48) and Motion to Dismiss Third Amended Complaint ("Motion to Dismiss") (ECF No. 49). The Court has reviewed Plaintiff Micah K. Wellman's response, and Defendant's reply. (ECF Nos. 51, 52.) For the reasons stated below, the Motion to Reconsider is granted and the Motion to Dismiss is denied.

**II.    BACKGROUND**

Proceeding *pro se*, Micah K. Wellman seeks the production of agency records and emails concerning an Internal Affairs investigation that Defendant conducted. He alleges that on May 14, 2013, he filed a Freedom of Information Act ("FOIA") request to obtain information regarding the investigation. He subsequently received an

acknowledgment letter from Defendant's Disclosure Division dated June 13, 2013, indicating that the request was assigned ATF FOIA number 13-1026 ("FOIA 13-1026"). Defendant's letter did not, however, mention whether Defendant would need more than the normal 20-day processing period as provided by statute to comply with the request. *See* 5 U.S.C. § 552(a)(6)(A)-(B). Despite subsequent attempts to check on the status of his request, Plaintiff had not received any responsive records from Defendant regarding FOIA 13-1026 as of July 3, 2014, the date he filed the original complaint.

Defendant filed its first motion to dismiss (ECF No. 11) on September 15, 2014, which this Court granted in part and denied in part while giving Plaintiff an opportunity to amend the initial complaint as to the jurisdictional problem with Plaintiff's Administrative Procedures Act ("APA") claim (ECF No. 17 at 4-5). Plaintiff then filed his First Amended Complaint ("FAC") on August 26, 2015. (ECF No. 18.) Defendant again moved to dismiss Plaintiff's FAC but only as to the APA claim. (ECF No. 20.) The Court granted dismissal but permitted Plaintiff to amend the FAC ("Second Dismissal Order").[1] (ECF No. 24.)

In Plaintiff's Second Amended Complaint ("SAC") (ECF No. 25), he removed all explicit references to the APA but maintained his challenges to Defendant's "policy, discretion and procedure for processing and responding to FOIA requests" and "lack of a determination [ ] in violation of Department of Justice Office of Information Policy (OIP) guidelines and [Defendant's] own internal policy." (ECF No. 25 at ¶¶ 2, 19.) Defendant then moved to strike the entirety of the SAC on the basis that it was a rogue document. (ECF No. 26.) Instead of striking the entire SAC, the Court ordered that paragraph 15 be stricken from the SAC ("Strike Order"). (ECF No. 33 at 3.)

///

---

[1] The Second Dismissal Order gives rise to much of the confusion in this case, as it failed to clarify that the relief requested under the APA section of the FAC's Prayer for Relief (*see* ECF No. 18 at 5) is actually relief available under FOIA, not the APA. Thus, it appears Plaintiff construed the Second Dismissal Order as permitting clarification of his FOIA claim (*see* ECF No. 25 at ¶ 18) while Defendant construed the Second Dismissal Order as permitting Plaintiff another shot at setting forth an APA claim (*see* ECF No. 26 at 2).

1    Plaintiff filed his Third Amended Complaint ("TAC") in which he removed
2 paragraph 15. (ECF No. 45.) Defendant now seeks reconsideration of the Court's Strike
3 Order as well as dismissal of the TAC. (ECF Nos. 48, 49.)

**III.   DISCUSSION**

Defendant argues that its prior motion to strike was aimed at the entirety of the SAC, not just paragraph 15. Defendant points out that the SAC "impermissibly amended Plaintiff's FOIA claim with assertions besides those alleged in paragraph 15, including 'a challenge to the agency policy, discretion and procedure' for processing FOIA requests and a 'lack of a determination' in violation of agency guidelines and policy." (ECF No. 48 at 2 (citing ECF No. 25 at ¶¶ 2, 19).)

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Here, the Court finds that the Second Dismissal and Strike Orders created confusion and will grant reconsideration of the Strike Order.

The SAC made minimal changes to the allegations in the FAC and clearly did not amend or attempt to amend the FAC's APA claim. In fact, the SAC removed any previous reference to the APA. To the extent Plaintiff construed the Court's Second Dismissal Order as permitting amendments to the FOIA claim, the Court did not intend to permit such amendments. The Court had intended to permit amendment to provide allegations that agency personnel had acted arbitrarily or capriciously with respect to the withholding of agency records. (ECF No. 24 at 4.) However, this requested relief falls

///
///

under FOIA, not the APA[2] as the Court incorrectly implied in the Second Dismissal Order, and therefore, any factual allegations related to this requested relief would necessarily require amendment of Plaintiff's FOIA claim. The Court, therefore, created confusion between the parties by stating in the Strike Order that the requested relief—for which it permitted amendment of the FAC—arose under the APA. (*See* ECF No. 44 at 2 (citing to ECF No. 24 at 4-5).) For that reason, the Court will grant Defendant's Motion to Reconsider.

However, because it would be abundantly unfair to penalize Plaintiff for the Court's lack of clarity in the Second Dismissal and Strike Orders, the Court permits Plaintiff to proceed under the TAC, which the Court construes as alleging a FOIA claim only. Further, the Court disagrees with Defendant that the Court dismissed the inclusion of the "policy, discretion and procedure" allegations when it dismissed the APA claim. (*See* ECF No. 49 at 6-7.) It is not inconsistent with FOIA for Plaintiff to challenge Defendant's *compliance* with its own policy or procedure in responding to Plaintiff's FOIA request,[3] including whether Defendant's failure to provide a timely determination violated FOIA or Defendant's own internal policy.[4] While Plaintiff may have originally referenced the APA when challenging Defendant's policies and procedures in responding to FOIA requests (*see* ECF No. 18 at ¶ 2; *see also* ECF No. 49 at 4-5), the Court finds that these challenges may be brought under FOIA, as they relate to Defendant's alleged failure to

---

[2]Plaintiff stated in the FAC that this relief arose under the APA. (*See* ECF No. 18 at 5.)

[3]The Court therefore construes paragraph 2 of the TAC more narrowly than Defendant does. Nothing in the TAC other than the statement that "[t]he action also comes as a challenge to the agency policy, discretion and procedure for processing and responding to FOIA requests" implicates the APA. Because the Court is permitting the TAC to proceed on a FOIA claim only, the Court construes this statement to relate to whether the agency personnel who addressed Plaintiff's FOIA request actually complied with agency policy and procedure or whether they exceeded agency discretion. *See infra* n.4.

[4]In fact, if the Court were to find here that "the circumstances surrounding the withholding [of agency records] raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding," *see* 5 U.S.C. § 552(a)(4)(F), the finding may end up being related to a failure of such personnel to comply with Defendant's own policies or procedures in responding to Plaintiff's FOIA requests.

4

1 comply with FOIA as well as its failure to comply with its own policies and procedures in
2 responding to Plaintiff's FOIA requests. Therefore, the Court denies Defendant's Motion
3 to Dismiss.

4 In sum, Plaintiff is permitted to proceed on his FOIA claim as alleged in the TAC.

**IV. CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of Defendant's motions.

It is therefore ordered that Defendant's Motion to Reconsider (ECF No. 48) is granted.

It is further ordered that Defendant's Motion to Dismiss (ECF No. 49) is denied.

DATED THIS 20th day of March 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE