```
1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
7                         DISTRICT OF NEVADA
8                                 * * *
9    MICAH K. WELLMAN,                    Case No. 3:14-cv-000348-MMD-WGC
10                         Plaintiff,     ORDER
11       v.
12   DEPARTMENT OF JUSTICE, BUREAU OF
     ALCOHOL, TOBACCO, FIREARMS AND
13   EXPLOSIVES,
14                         Defendants.
15
```

**I.    SUMMARY**

This case concerns *pro se* Plaintiff Micah K. Wellman's Freedom of Information Act, 5 U.S.C. § 552, ("FOIA") request seeking information from Defendant Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("the Government") about the Government's internal affairs investigation regarding Plaintiff. Before the Court is the Government's Motion for Summary Judgment ("the Government's Motion"). (ECF No 60.) Also before the Court is Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion"). (ECF No. 61.) With respect to the Government's Motion, the Court has also reviewed Plaintiff's response (ECF No. 63), and the Government's reply (ECF No. 65). With respect to Plaintiff's Motion, the Court has also reviewed the Government's response (ECF No. 64), and Plaintiff's reply (ECF No. 66). For the reasons explained below, the Government's Motion is granted in part, and denied in part, and Plaintiff's Motion is granted in part, and denied in part.

## II. BACKGROUND

Plaintiff filed a FOIA request dated May 13, 2013, with the Government seeking "documents regarding ATF Internal Affairs Division Investigation number 20120006 initiated by Jeffrey E. Vind on or about October 13, 2011 . . . into myself, [Plaintiff]." (ECF No. 60-1 at 17.) The Government acknowledged receipt of Plaintiff's request on June 13, 2013. (*Id.* at 20.) But the Government did not release any documents to Plaintiff for some time. After some correspondence with the Government, Plaintiff filed suit to compel the Government to respond to his FOIA request on July 3, 2014. (*See* ECF No. 1.) In his Complaint, Plaintiff asserted violations of FOIA and the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.* ("APA"). (*See id.* at 1-2.)

The parties then engaged in motion practice. The ultimate result of that motion practice was that Plaintiff's APA claim was dismissed, but the Court allowed his FOIA claim to proceed. (*See* ECF No. 53.)

Meanwhile, prompted by this litigation, the Government released documents to Plaintiff in response to his FOIA request in five batches between December 17, 2014, and February 27, 2017.[1] (*See* ECF No. 60-1 at 21-88.) The Government represents that the fifth release was also its final release, meaning that it has searched its records and released all responsive documents to Plaintiff. (*See* ECF Nos. 60 at 5, 60-1 at 79.) The Government also referred Plaintiff's request and certain potentially responsive documents to the Executive Office of the United States Attorney ("EOUSA") as part of the fourth release. (*See* ECF No. 60-1 at 56.) EOUSA reviewed these documents, determined most of them were non-responsive, and withheld the remaining documents from Plaintiff citing FOIA exemptions (B)(5) and (B)(7)(c). (*See* ECF No. 60-2 at 10.) EOUSA informed Plaintiff of its decision in a letter dated September 12, 2016, in which EOUSA also noted its decision as reflected in that letter represented the final action EOUSA would take in response to Plaintiff's request. (*See id.*)

---

[1]The five batches of documents were specifically released on: October 17, 2014 (*see* ECF No. 60-1 at 22); April 7, 2015 (*see id.* at 31); October 16, 2015 (*see id.* at 42); November 16, 2016 (*see id.* at 58); and February 27, 2017 (*see id.* at 79).

## III. LEGAL STANDARD

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may

not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

Further, "when parties submit cross-motions for summary judgment, each motion must be considered on its own merits." *Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (citations and internal quotation marks omitted). "In fulfilling its duty to review each cross-motion separately, the court must review the evidence submitted in support of each cross-motion." *Id.* Courts must also liberally construe documents filed by *pro se* litigants. *See Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008).

**IV. DISCUSSION**

**A. The Government's Motion for Summary Judgment (ECF No. 60)**

The Government's primary argument is that it has complied with its obligations under FOIA and therefore this case should end. (*See generally* ECF No. 60.) With the exception of documents partially redacted because they are "non-responsive"—discussed in more detail *infra* Section IV.B.—the Court generally agrees. The Government bears the burden to show its response to Plaintiff's FOIA request complied with the statute, and to demonstrate that any documents or portions of documents withheld from disclosure were properly withheld from disclosure. *See Am. Immigration Lawyers Ass'n v. Exec. Office for Immigration Review*, 830 F.3d 667, 673 (D.C. Cir. 2016) (citation omitted) ("*Immigration Lawyers*"). "An agency can carry its burden by submitting a *Vaughn*[2] index, along with affidavits from agency employees that describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the

---

[2] *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973).

4

1   information withheld logically falls within the claimed exemption, and are not
2   controverted by either contrary evidence in the record nor by evidence of agency bad
3   faith." *Id.* (internal citations and quotation marks omitted). "FOIA cases are very
4   frequently decided on summary judgment." *Nevada v. U.S. Dep't of Energy*, 517 F.
5   Supp. 2d 1245, 1256 (D. Nev. 2007) (granting summary judgment to defendants
6   because defendants properly asserted deliberative process privilege to entirely withhold
7   draft applications to store nuclear waste at Yucca Mountain).

8   The Court finds that the Government has generally carried its burden here,
9   subject to the exception discussed in more detail *infra* Section IV.B. The Court has
10  reviewed the affidavits and *Vaughn* indices attached to the Government's Motion. (*See*
11  ECF Nos. 60-1 at 1-14; 60-2 at 1-8 (affidavits); 60-1 at 24-29, 33-40, 45-54, 60-78, 81-
12  88; 60-2 at 13-14 (*Vaughn* indices).) The Court finds that the affidavits submitted by the
13  Government describe the Government's justifications for nondisclosure with reasonably
14  specific detail, logically demonstrate that the withheld information falls within the claimed
15  exemptions, and are not controverted by any evidence of the Government's bad faith.
16  *See Zemansky v. U.S. E.P.A.*, 767 F.2d 569, 574 (9th Cir. 1985) (affirming grant of
17  summary judgment to agency where agency "submitted reasonably detailed, non-
18  conclusory affidavits depicting adequate searches for the documents requested").

19  Further, Plaintiff does not offer any evidence or argument in his opposition to the
20  Government's Motion with respect to the exemptions cited by the Government to
21  withhold certain documents, and the Government's justification for citing those
22  exemptions. (*See* ECF No. 63.) Instead, Plaintiff devotes his response to arguing that
23  the government improperly redacted portions of certain documents released to him by
24  designating the reason for the redactions as 'non-responsive' in reliance on *Immigration*
25  *Lawyers*. (*See id.*) Plaintiff makes the same argument relying on *Immigration Lawyers* in
26  Plaintiff's Motion, which the Court addresses below. However, because Plaintiff presents
27  no other evidence or argument in response to the substantive bulk of the Government's
28  Motion, the Court agrees with the Government that summary judgment is appropriate

here. *See Bhan*, 929 F.2d at 1409 (stating that the nonmoving party "must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists").

### B. Plaintiff's Motion for Summary Judgment (ECF No. 61)

Plaintiff argues, relying on *Immigration Lawyers*, that the Government has improperly withheld certain documents, either in full or in part, as "non-responsive," and also argues that the Government's responses to his FOIA request are otherwise inadequate because the Government improperly cited certain exemptions or has been insufficiently specific about what FOIA exemptions apply to documents, or portions of documents, that the Government has withheld. (*See generally* ECF No. 61.) The Government generally argues in response that it has properly asserted and justified the assertion of various FOIA exemptions, that *Immigration Lawyers* does not bind this Court, and that the Court should not adopt the holdings of *Immigration Lawyers* as relevant here. (*See generally* ECF No. 64.)

The Court finds *Immigration Lawyers* persuasive, and therefore agrees with Plaintiff that the Government has improperly redacted portions of pages it released to Plaintiff in response to his FOIA request by citing 'non-responsive' as the reason for redaction. *Immigration Lawyers* is a District of Columbia Circuit Court of Appeals ("DC Circuit") opinion issued on July 29, 2016. It does not appear to have been cited by either the Ninth Circuit Court of Appeals ("Ninth Circuit"), or any other district courts within the Ninth Circuit. Thus, the Government is correct that the holdings of *Immigration Lawyers* have not been adopted by the Ninth Circuit, and therefore *Immigration Lawyers* does not bind this Court. (*See* ECF No. 64 at 5-6.) However, the Court has not located any binding Ninth Circuit precedent contrary to the holding of *Immigration Lawyers* relevant here—and the Government has not brought any to the Court's attention. Plaintiff makes clear that he cites *Immigration Lawyers* as persuasive, not binding, authority, and urges the Court to consider it, especially because the D.C. Circuit is the circuit court that tends

to handle the most FOIA appeals, and thus should be considered authoritative on the topic. (*See* ECF No. 66 at 3-5.)

In *Immigration Lawyers*, the American Immigration Lawyers Association ("AILA") submitted a FOIA request to the Executive Office for Immigration Review ("EOIR") seeking disclosure of records related to complaints about the conduct of immigration judges. *See Immigration Lawyers*, 830 F.3d at 669. EOIR released documents to AILA, but, as relevant here, redacted portions of individual documents released to AILA and provided the reason 'non-responsive' for doing so. *See id.* at 670. For example, "EOIR noted that there were 64 pages of responsive records with non-responsive material redacted. It gave examples of the reasons for those redactions. 'The type of non-responsive information' redacted evidently includes 'information about the need for an immigration judge to clean his/her office, whether an immigration judge had returned to the bench after a security issue, [and] the discussion of vacation plans[,] and personal medical conditions of EOIR staff.'" *Id.* at 676-77. As a matter of first impression, the D.C. Circuit held that this practice was improper because it was contrary to the governing statute: FOIA. *See id.* at 667, 679.

In reaching this holding, the D.C. Circuit explained that FOIA "sets forth the broad outlines of a process for agencies to follow when responding to FOIA requests: first, identify responsive records; second, identify those responsive records or portions of responsive records that are statutorily exempt from disclosure; and third, if necessary and feasible, redact exempt information from the responsive records. The statute does not provide for withholding responsive but non-exempt records or for redacting non-exempt information within responsive records." *Id.* at 677. The D.C. Circuit also cited the "the Supreme Court's instruction that FOIA's exemptions are 'explicitly made exclusive and must be narrowly construed[]'" as further support for its holding that it was improper to redact as 'non-responsive' a portion of a document that the applicable agency had already deemed responsive—the agency must cite one of FOIA's statutory exemptions,

or include all portions of a document it has already deemed responsive. *Id.* at 677-78 (citation omitted).

Here, Plaintiff argues the Government made the same type of redactions that the D.C. Circuit found improper in *Immigration Lawyers*. (*See* ECF Nos. 61 at 6-8.) The Government released documents to Plaintiff, but redacted portions of pages, sentences, paragraphs, etc., as 'non-responsive.' This Court is persuaded by the D.C. Circuit's reasoning in *Immigration Lawyers*. This practice is improper because it is contrary to FOIA. More specifically, the practice of redacting responsive documents on the basis that certain portions are 'non-responsive' runs counter to FOIA, which only permits partial document redaction if the applicable agency properly asserts one of the nine statutory exemptions listed in 5 U.S.C. § 552(b). *See Immigration Lawyers,* 830 F.3d at 677. 'Non-responsive' is not one of those exemptions. *See id.* Thus, the Court adopts the holding of *Immigration Lawyers* regarding partial redaction because certain contents of documents are purportedly 'non-responsive' and applies it here.

Therefore, to the extent that the Government released certain pages to Plaintiff, but redacted portions of those pages and cited 'non-responsive' as the reason for redaction, that was improper. The Government must go back through the pages it released to Plaintiff and remove the 'non-responsive' redactions. Then the Government must release new versions of those same pages to Plaintiff with the improper redactions removed. To the extent the Government argues that some of those improper redactions should remain because one of FOIA's statutory exemptions also applies to a particular redaction, the Government may assert those exemptions, but must promptly provide Plaintiff with an appropriately updated *Vaughn* index and properly cite the applicable FOIA exemption on each particular redaction. Time is of the essence considering it took the Government years to release documents to Plaintiff here—and Plaintiff had to sue the Government to get any documents. The Court finds that sixty (60) days is reasonable given the volume of documents at issue.

Further, the Court is not persuaded by the Government's argument that the holding of *Immigration Lawyers* regarding partial redaction citing 'non-responsive' should only apply to the Government's final two releases of documents because they are the only releases that post-date the *Immigration Lawyers* opinion issued on July 29, 2016. (*See* ECF No. 65 at 4 n.1.) FOIA predates all of the Government's document releases to Plaintiff in this case. Because the Court finds that the structure and text of FOIA itself— as interpreted by the D.C. Circuit in *Immigration Lawyers*—renders the practice of partial redaction while citing the reason 'non-responsive' improper, the Court finds that the Government must reexamine all documents released to Plaintiff to comply with this order.

That said, to the extent Plaintiff argues that certain of the FOIA exemptions cited by the Government in withholding documents were improper or insufficiently explained, the Court disagrees. As discussed *infra* in Section IV.A., the Government has provided adequate support for the FOIA exemptions it relied on in withholding in whole or in part various documents, and Plaintiff has not offered any citations to caselaw or evidence to rebut the Government's initial showing. Thus, Plaintiff's Motion is denied except to the extent it contends it was improper for the Government to redact portions of pages released to Plaintiff and cite 'non-responsive' as the reason for those redactions.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of these motions.

It is therefore ordered that the Government's motion for summary judgment (ECF No. 60) is granted in part and denied in part. The Government's motion for summary judgment is granted in all respects except to the extent that the Government has redacted portions of documents and provided the reason 'non-responsive' for that redaction.

1   It is further ordered that Plaintiff's motion for summary judgment (ECF No. 61) denied in part and granted in part. Plaintiff's motion for summary judgment is denied in all respects except to the extent that Plaintiff seeks the full text of responsive documents that were partially redacted as 'non-responsive.'

It is further ordered that the Government will reexamine its entire release of documents identified as responsive to Plaintiff's FOIA request, remove the redactions where the cited reason for the redaction was 'non-responsive' and release new versions of those documents—with the 'non-responsive' redactions removed—to Plaintiff within sixty (60) days of the entry of this order.

The Clerk is directed to enter judgment in accordance with this order and close this case.

DATED THIS 27th day of September 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE